IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ABRAHAM FLORES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-484 |
| § | |
| RJMW CORP., § | |
| § | |
| Defendant. § | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT

On November 11, 2005, this Court entered an Order granting Plaintiff's Motion for Default Judgment, and a hearing to determine damages was held on December 16, 2005. On December 21, 2005, a Default Judgment was entered against Defendant in the amount of $122,622.00. Defendant now moves to vacate the Judgment claiming that he was not properly served in this lawsuit.

Plaintiff filed a Response to Defendant's Motion which outlines outrageous behavior on the part of Defendant, meant to do nothing other than increase costs and expenditures in an attempt to wrongfully avoid answering the complaints of a seaman employee. Plaintiff has presented credible evidence indicating that it initially attempted to serve Defendant's registered agent for service of process, who had been deceased for several years. After that attempt was unsuccessful, Plaintiff served his Complaint on Margaret Colley at the address declared by Defendant to the United States Coast Guard in order to obtain certificates of documentation for the DAISY PATRICIA, the vessel on which Plaintiff was allegedly injured. Ms. Colley stated that she was the bookkeeper for Defendant and accepted Plaintiff's Summons and Original Complaint. Out of an abundance of caution, Plaintiff then attempted to serve the appropriate papers on Maria Rosa and Lorance Bodden,

the sole officers and directors of Defendant. Service was attempted at their post office box address. The Summons and Complaint were eventually returned with a note that they had remained unclaimed. The post office box address had been successfully used to obtain service in a lawsuit being handled by the same Plaintiff's counsel several months prior.

Though the Fifth Circuit generally frowns on entry of default judgments, this case presents a scenario where a defendant is clearly trying to dodge service in order to avoid liability. Accordingly, the Court will not vacate the finding of default as to liability. This result is necessary to show this Defendant and others similarly situated that it is flatly unacceptable to avoid legal duties by ignoring corporate formalities and playing hide-and-seek. However, since Defendant is now represented by counsel and is ready to appear and defend itself in this case, the Court, out of respect for due process implications, will vacate the award of damages and will hold a new damages hearing. Accordingly, only those portions of the Court's Order entered on December 21, 2005 addressing damages (namely, the second, third, and fourth paragraphs of the Order) are **VACATED**. However, the remainder of the Order stands, and a new hearing will be held to determine the damages in this case. Parties will receive notice once the hearing has been set.

**IT IS SO ORDERED**.

**DONE** this 27th day of September, 2006, at Galveston, Texas.

Samuel B. Kent
United States District Judge